### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-24-112-SLP |
| ) | |
| RENE RAMEY ROSAS, III ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

Before the Court is Defendant's Motion for Early Termination of Supervised Release [Doc. No. 4]. The Government has Responded to the Motion [Doc. Nos. 6 and 8].

Defendant pled guilty to Count 2 of a two-count Indictment on charges of possession with intent to distribute methamphetamine, in violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(C). The United States District Court for the Northern District of Texas sentenced Defendant to 57 months' imprisonment and three years of supervised release. *See* Doc. No. 3. In March 2024, this Court accepted and assumed jurisdiction over Defendant. Defendant's term of supervised release commenced on February 14, 2023 and is currently set to expire on February 13, 2026. *See* Doc. No. 2 at 1.

In support of his request, Defendant states that he has abstained from any criminal activity or drug use and has consistently provided negative urine samples. He also states that he has maintained gainful employment and started his own limited liability company in the field of pipe fitting. Defendant seeks a discharge so that he can engage in out-of-state employment opportunities without his current travel restrictions.

The Government opposes early termination, pointing to the seriousness of Defendant's offense, the fact that supervised release is part of the penalty for Defendant's offense and Defendant's history of substance abuse.[1]  The Government also points to the fact that the conditions of Defendant's supervised release are relatively minimal and should not prevent Defendant from pursuing job opportunities.  The Government further advises that the United States Probation Office opposes Defendant's request for early termination.

A district court has discretionary authority to terminate a term of supervised release and discharge the defendant at any time after expiration of one year of supervision if, after considering certain factors under 18 U.S.C. § 3553, the court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  *See* 18 U.S.C. § 3583(e)(1); *see also Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012).

Upon consideration of Defendant's Motion, the information provided by the Government, and the factors set forth in § 3553, the Court finds that early termination of Defendant's term of supervised release is not warranted.  The Court certainly commends Defendant for the progress he has made during his period of supervision.  And the Court encourages Defendant to successfully complete the remainder of his term.   But the Court finds early termination of Defendant's supervised release is not warranted.

IT IS THEREFORE ORDERED that Defendant's Motion for Early Termination of Supervised Release [Doc. No. 4] is DENIED.

---

[1] The Northern District of Texas imposed two special conditions, requiring Defendant to participate in mental health and substance abuse treatment.  *See* Doc. No. 3 at 12.

IT IS SO ORDERED this 19th day of March, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE